*E-filed 5/5/09*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FERMIN RODRIGUEZ, | No. C 06-04821 HRL |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S RULE 41(b) MOTION TO DISMISS** |
| COUNTY OF SANTA CLARA, | |
| Defendant. | |

Plaintiff Fermin Rodriguez alleges that Santa Clara County Sheriffs intentionally injured him while he was being booked for driving under the influence, in violation of his rights under 42 U.S.C. § 1983. The case was removed from state court in November 2006. Rodriguez's first attorney bowed out after the removal, citing his inexperience in Federal Court. Plaintiff retained a second one a few months later, but that one too withdrew, citing a breakdown in communication with Rodriguez. Since then, the case has been stalled because plaintiff reports he cannot find an attorney who will represent him, and he categorically refuses to act as his own attorney.

After a series of seven status conferences, and two vacated trial dates, the defendant moved to dismiss the case pursuant to Federal Rule of Civil Procedure 41(b). The court held a

hearing on the motion on March 24, 2009. Plaintiff neither filed an opposition to defendant's motion, nor appeared at the hearing. Based on the history of this case, and the plaintiff's adamant unwillingness to proceed *pro se*, the court has no alternative but to GRANT defendant's motion.

**BACKGROUND FACTS**

Rodriguez filed this action in Santa Clara County Superior Court on March 11, 2005. (Declaration of Mark F. Bernal ("Bernal Decl.") at ¶2, Ex. A.) Defendant County of Santa Clara removed the case to this Court on August 9, 2006, following the filing of a First Amended Complaint that included a claim under 42 U.S.C. §1983. Almost immediately after the removal, plaintiff's counsel indicated that he planned to withdraw. The request was granted on November 6, 2006. A case management conference ("CMC") was held in December, but plaintiff did not appear. As a result, the CMC was continued to January 2, 2007. Plaintiff sent a note to the court, asking that the CMC be re-set, and the court re-set it for January 9, 2007.

Both parties appeared at the January CMC. Plaintiff said that he was actively seeking a new lawyer, and requested additional time to find one. The court granted him a six week extension to find a lawyer, and continued the CMC to February 20, 2007. More than two weeks before the CMC was set to take place, defense counsel advises he contacted plaintiff to meet and confer about the joint case management statement (a required filing under this court's standing order.) Plaintiff refused to participate in meet and confer with the County on the grounds that he was in the process of retaining counsel, and unprepared to participate *pro se*. The County filed a unilateral case management statement. Both parties appeared in at the February 2007 CMC, but while the County requested a trial date, Rodriguez reiterated that he was unprepared to represent himself *pro se*, and needed more time to find a lawyer. The court set the matter for trial in February 2008, hoping that a full year would give plaintiff the time he needed to retain new counsel.

On the recommendation of the court's ADR unit, the court ordered the parties to participate in an early magistrate judge settlement conference. Although the County reportedly contacted Magistrate Judge Trumbull's chambers to arrange for the settlement conference,

1   Rodriguez did not. In June, 2007, Rodriguez apparently retained a lawyer[1]. While counsel did
2   participate in several depositions, he apparently did not contact Magistrate Trumbull's
3   chambers, either, despite the County's reminding him to do so. On January 15, 2008, the court
4   issued an order noting that the parties had not participated in the settlement conference, as
5   ordered, and set a status conference for January 24 to discuss the impending trial. The parties
6   filed a stipulation and proposed order requesting additional time for discovery, and a short
7   continuance of the trial date. After the January 24 status conference, the court signed the
8   proposed order, continuing the trial until April 14, 2008.

9   Four days after the court signed the proposed order, plaintiff's counsel filed a motion to
10  withdraw, and a motion to set the matter as a jury trial (not a bench trial, as had been originally
11  requested.) The court set a status conference for March 11, 2008 to discuss these two motions.
12  The court granted the motion for a jury trial, and the motion to withdraw, then discussed with
13  plaintiff his responsibilities in moving forward without a lawyer. Rodriguez stated that he could
14  not proceed *pro se*, and asked for more time. The court vacated the April trial date, and set a
15  status conference for April 29, 2008.

16  Again, the County says it attempted to meet and confer with plaintiff in advance of the
17  April status conference, and again, Rodriguez refused to participate without a lawyer. The
18  county submitted a unilateral case management statement in advance of the April status
19  conference, and Rodriguez submitted a handwritten "case management statement" in which he
20  claimed he needed to take three additional depositions, and wanted more time to find a lawyer.
21  He also reiterated he felt unable to represent himself due to his "health." (Docket No. 52). At
22  the April 29, 2008 status conference, the County asked for a trial date, and Rodriguez explained
23  that he was unable and unwilling to represent himself, and that he was actively, and
24  unsuccessfully looking for counsel. The court issued an order permitting additional discovery
25  limited to the three depositions plaintiff sought. The court set a further status conference for
26  June 10, 2008, to allow time for plaintiff to retain counsel. Further, the court ordered that if

---

[1] This date is based on counsel for defendant's representations in the motion to dismiss. The second attorney did not enter a formal appearance on plaintiff's behalf until January, 2008.

3

plaintiff had not retained counsel by the June status conference, he must bring a letter from his doctor explaining the medical conditions that prevented him from representing himself, along with an estimate of when such condition might be resolved. Finally, the court warned Rodriguez that without either a lawyer or a satisfactory letter from his doctor, the matter would likely be set for trial.

As the June status conference drew near, the County attempted to meet and confer with plaintiff to prepare a joint case management statement. This time, instead of refusing to participate, he failed to respond in any way. Again, the County filed a unilateral statement, requesting a trial date. Rodriguez appeared at the June status conference, without a lawyer. He brought a vague note scribbled on what appeared to be a prescription pad. The doctor's note stated that he could not represent himself, but did not explain what condition prevented him from doing so, or estimate when the condition might be resolved. After plaintiff explained that he was negotiating with another lawyer, the court granted his request for continuance, setting a further status conference for July 15, 2008.

The status conference in July was much the same. The County requested a trial date. Plaintiff asked for more time to retain a lawyer. This time, however, Rodriguez brought a more specific doctor's note, that explained that "post-concussive syndrome and chronic pain" prevented him from proceeding *pro se*, and estimated the conditions were "likely permanent." (Docket No. 64.) Rodriguez claimed he was talking to a new lawyer, who could not decide whether or not to represent him without reviewing plaintiff's medical records. Rodriguez claimed the records had been ordered, but not yet received. To allow ample time for the receipt and review of medical records, the court continued the status conference to September 23, 2008.

Just before the September 23 status conference, Rodriguez wrote the court to ask for an extension because he would be out of town. The status conference was continued to September 30, 2008. Again, plaintiff apparently did not respond to the County's efforts to meet and confer in advance of the status conference. Plaintiff also did not appear on September 30. Having no other good option, the court set a trial date of January 12, 2009, and a pretrial conference on January 6. The court also instructed the County to work with Rodriguez to meet the pretrial

4

deadlines. Although the County reports it attempted to schedule meetings with plaintiff to do just that, plaintiff declined to meet. The County offered to work on the pretrial filings over the phone, but Rodriguez declined. In December, plaintiff wrote to the court, requesting another continuance because the lawyer he had been talking to had refused to accept the case. He claimed he was talking to another lawyer, awaiting his decision.

The court held what was meant to be the pretrial conference on January 6, 2009. The County had timely made all of its pretrial submissions as required by the court's standing pretrial order. Despite the County's numerous attempts to work with him, Rodriguez did not file anything. Moreover, he refused to file anything without a lawyer. Plaintiff said he would not represent himself at trial, and insisted he needed more time to find counsel. The County objected, based on the lack of pretrial filings, to plaintiff's presenting any evidence at trial, and requested *sua sponte* dismissal of the case. The court denied the request, but indicated that it would hear a motion to dismiss for failure to prosecute, if defendant filed one. The court explained to the plaintiff that in the event the County filed such a motion, he would need to respond as best he could, and that failure to respond could result in dismissal of the case. The court vacated the trial date, and set a status conference for March 24, 2009.

The County then filed the instant motion to dismiss under Federal Rule 41(b), and noticed the hearing for March 24, 2009 (the same day as the status conference.) Rodriguez did not file any opposition, or any papers at all. He also did not show up for either the hearing, or the status conference on March 24. On March 26, he filed a hand written note with the court, explaining that he thought he had a court hearing on that day, and had only just realized his hearing date had been two days prior. He claimed not to have found an attorney yet, and asked for more time to do so.

**ANALYSIS**

Federal Rule of Civil Procedure 41(b) permits a defendant to move for an order dismissing a plaintiff's complaint due to the plaintiff's failure to prosecute that action, failure to comply with court orders, and/or failure to comply with the Federal Rules of Civil Procedure.

Granting a Rule 41 (b) motion is within the sound discretion of the district court. *Link v. Wabash R.R. Co.*, 370 U.S. 626,633 (1962).

**A. Dismissal for Failure to Prosecute**

Courts in the Ninth Circuit must give consideration to specific factors prior to ordering dismissal of an action for failure to prosecute. The factors are: (1) the court's need to manage its docket; (2) the public interest in expeditious resolution of litigation; (3) the risk of prejudice to defendants from the delay; (4) the availability of lesser sanctions; and, (5) the policy favoring disposition of cases on their merits. *Yourish v. California Amplifer*, 191 F.3d 983, 990 (9th Cir. 1999). Dismissal is undeniably appropriate where at least three factors strongly support dismissal. *Id*.

Here, four out of five of the relevant factors strongly support dismissal. The only factor that weighs (slightly) against dismissal is "the policy favoring disposition of cases on the merits."

The first two factors the court considers are (1) its need to manage its docket, and (2) the public's interest in expeditious resolution of litigation. These two factors take into consideration the stage of proceedings and the length of the delay. They are critical factors favoring dismissal when a case is old, and the delays have been long, particularly when the delays are not the fault of the moving party. *Link*, 370 U.S. at 634-635; *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir 2002). Moreover, dismissal is appropriate in the face of a pattern of repeated delays, particularly if they appear to be intended delaying tactics. *Link*, 370 U.S. at 633 and fn. 11.

Defendant argues that both factors weigh in favor of dismissal. The court agrees. This case has not progressed in any significant respect since Rodriguez's second attorney withdrew, in March, 2008. Since then, Rodriguez refused to proceed in *pro se*, refused to participate in joint filings, refused to obey this court's orders, and refused to do anything to move the case forward. He has repeatedly asked the court to delay setting a trial date to allow him more time to find a lawyer, and the court has obliged him more than once. Despite plaintiff's apparent

6

diligence, no lawyer has agreed to represent him. Although the court infers no bad faith, it finds that plaintiff's repeated requests for continuances are tactics meant to delay the trial until he has a lawyer. Although the court sympathizes with plaintiff's disinclination to represent himself, it cannot permit him to delay the trial of this case forever. Given that not one lawyer has appeared on plaintiff's behalf in over a year, the court very much doubts that an attorney is likely to take the case as it becomes older, and witness' memories grow dim. Therefore, both the court's need to manage its docket, and the public's interest in expeditious resolution of litigation weigh strongly in favor of dismissal.

The third factor the court considers is the "risk of prejudice to defendant from the delay." Defendant claims that this factor weighs strongly in favor of dismissal, and the court agrees. Although defendants are not required to make a strong showing of prejudice (because a presumption of prejudice is inferred from failure to timely prosecute), the County claims it has been prejudiced in a number of ways. First, as previously noted, the memories of key witnesses (for both plaintiff and defendant) have faded. Second, the County has lost time and resources preparing for pre-trial conferences and trials that have not occurred due to plaintiff's unwillingness to proceed without a lawyer. These delays, and the ensuing prejudice to defendant, have been caused by plaintiff's (unsuccessful) efforts to hire new counsel. However, "hiring new counsel" does not preclude Rule 41 dismissal, even in cases where the delays are due to alleged (mis)conduct of prior counsel. *See Anderson v. West*, 542 F.2d 522, 526 (9th Cir. 1991). The court finds that the third factor weighs strongly in favor of dismissal.

Although dismissal is appropriate where at least three factors strongly support dismissal, the court examines the two remaining factors: the availability of lesser sanctions, and the policy favoring disposition of cases on their merits. The court notes that other, lesser sanctions here would be ineffective because the difficultly plaintiff cites in going to trial is his lack of legal counsel. Monetary fines will not help plaintiff find an attorney. Repeated adminotions from the court have been futile, as plaintiff has (apparently) done all he can to retain counsel. Evidentiary sanctions would also be ineffective, as plaintiff has clearly stated he has no intention to proceed to trial without legal representation. This factor also weighs in favor of dismissal.

Finally, the court considers the policy favoring disposition of cases on the merits. While this factor almost always weighs against dismissal, defendant argues that it does not weigh against dismissal here. The County posits that because it timely objected to plaintiff's offering any witness or documentary evidence at trial (based on plaintiff's failure to file any pretrial witness and exhibit disclosures), plaintiff would have no evidence to present (assuming the court agreed and sustained defendant's objections). Thus, according to defendant's theory, the case should be dismissed because there are no "merits" that the court can hear.

Plaintiff has outright refused to participate in a trial unless he has a lawyer, and the long passage of time lessens the possibility he ever will find one. The court would welcome having the case decided on its merits, but it does not seem likely it will ever happen. Enough is enough. The court concludes that this factor weighs slightly against dismissal. Yet, with four factors weighing strongly in favor of dismissal, and only one factor weighing against, the court concludes that the case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**B. Alternative Grounds for Dismissal**

Rule 41(b) also permits courts to dismiss cases for failure to comply with court orders, and for failure to follow the Federal Rules of Civil Procedure. The County argues that dismissal is also warranted under both of these provisions.

First, plaintiff has refused to follow this court's standing pretrial orders, case management scheduling order, and alternative dispute resolution order. Second, plaintiff has failed to participate in the pretrial conference required by Federal Rule of Civil Procedure 16(b). The court agrees with defendant that the case should also be dismissed for failure to comply with both this court's orders, and the Federal Rules of Civil Procedure.

//
//

In light of plaintiff's inability to retain counsel, and unwillingness to proceed in this case as a *pro se* litigant, the court has no other choice but to GRANT the County's motion. The complaint is hereby dismissed.

**IT IS SO ORDERED.**

Dated: 5/5/09

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

9

THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

Mark F. Bernal mark.bernal@cco.sccgov.org


Fermin Rodriguez
6970 Fairview Road
Hollister, CA 95023


* Counsel are responsible for providing copies of this order to co-counsel.

Date:   5/5/09                                MPK
                                       Chambers of Magistrate Judge Howard R. Lloyd

United States District Court
For the Northern District of California

10